JOHNSON, Justice,
would grant the writ application.
h Contrary to the majority, I would grant the writ application, finding that plaintiff submitted sufficient evidence regarding the standard of care to defeat summary judgment. Plaintiff, Daisy Ballard, filed suit against defendant, alleging a wrongful death claim (in addition to other claims) arising out of her mother’s, Mrs. Alma Noble Stubbs, eventual death following a fall while she was a resident at Harvest Manor. The trial court granted defendant’s motion for summary judgment on the wrongful death claim, finding plaintiff failed to establish the standard of care applicable to Harvest Manor.
*17 A plaintiff pursuing a medical malpractice claim against a nursing home must prove, by a preponderance of the evidence, the applicable standard of care, the breach of that standard of care, and a causal connection between the medical negligence and the patient’s injuries. See Pfiffner v. Correa, 94-0992 (La.10/17/94), 643 So.2d 1228, 1233. Ms. Ballard submitted the affidavit of Renee Bridges, RN, a geriatric nurse expert, who testified that the standard of care required Harvest Manor to provide daily living activity assistance as well as to comply with a number of other protocols. Nurse Bridges further attested that Harvest Manor’s failure to comply with the standard of care resulted in Mrs. Stubb’s fall, hip fracture, ensuing complications and death. Ms. Ballard also submitted the affidavit of a forensic pathologist, Dr. Amy Gruszecki, 12who opined that the fall suffered by Mrs. Stubbs was a significant contributing factor to her death. Additionally, I note that Harvest Manor’s own expert, Denise Hart, RN, apparently testified that the standard of care required close monitoring of the patient every 30 minutes, yet she admitted that there was no evidence that the nursing staff at Harvest Manor adhered to this standard.
In finding Ms. Ballard failed to present sufficient evidence to establish that she would be able to satisfy her evidentiary burden of proof at trial, the court of appeal opined that “[tjhough Ms. Bridges refers to numerous generalized breaches in the standard of care, she does not specifically detail the standard of care applicable to Harvest Manor in the instant case.” However, Nurse Bridges attested to several specific breaches, equivalent to setting forth violations of the standard of care. Moreover, this Court has never held that the standard of care must be established with a particular level of specificity for purposes of opposing summary judgment in medical malpractice eases. Further, the court of appeal took issue with the fact that Dr. Gruszecki did not define the standard of care, nor did she state that Harvest Manor breached the standard of care. However, Dr. Gruszecki was not called to give an expert opinion on the standard of care. Such evidence was submitted by Nurse Bridges (as well as Nurse Hart). The nurse experts were clearly qualified to testify and establish the applicable standard of care. See, e.g., Sepulvado v. Toledo Nursing Ctr., Inc., 2007-122 (La.App. 3 Cir. 5/30/07), 958 So.2d 135, writ denied, 2007-1583 (La.10/12/07), 965 So.2d 406.
Considering Nurse Bridges’ affidavit in conjunction with Dr. Gruszecki’s affidavit, opining that the fall was a significant contributing factor to Mrs. Stubbs’ death, I would find plaintiff submitted sufficient to defeat summary judgment on the wrongful death claim. Thus, I would grant the plaintiffs writ application.